UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFG BANK AG, CAYMAN BRANCH and WELLS FARGO BANK, NATIONAL ASSOCIATION, as securities intermediary for EFG BANK AG, CAYMAN BRANCH, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.), <br><br> Defendant. | Case No. 2:19-cv-01696-JAK-FFMx <br><br> [PROPOSED] STIPULATED PROTECTIVE ORDER |

## 1. PURPOSES AND LIMITATIONS; GOOD CAUSE STATEMENT

Discovery in this action is likely to involve production of confidential, private, and/or proprietary actuarial, business, technical, and financial information of Plaintiffs EFG Bank AG, Cayman Branch ("EFG") and Wells Fargo Bank, National Association ("Wells Fargo"), as securities intermediary for EFG (EFG and Wells Fargo together, "Plaintiffs"), and Defendant John Hancock Life Insurance Company (U.S.A.) ("Defendant" or "John Hancock") (collectively with Plaintiffs, the "Parties"), for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes

- 1 -

over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Protective Order" or "Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery; that the protections it affords from public disclosure and use extend only to the limited information or items that are entitled to confidential treatment under the applicable legal principles; and that nothing will be designated confidential without a good faith belief that it has been maintained in a confidential, non-public manner and there is good cause why it should not be part of the public record in this case. The Parties further acknowledge, as set forth in Section 12.3 (Filing Protected Material), below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and the Court's Guide to Electronically Filing Under Seal Documents in Civil Cases set forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

## 2. <u>DEFINITIONS</u>

2.1 <u>Action</u>: *EFG Bank AG, Cayman Branch, et al. v. John Hancock Life Insurance Company (U.S.A.)*, Case No. 2:19-cv-01696-JAK-FFMx (C.D. Cal.).

2.2 <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL" Information or Items</u>: Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

/ / /

2.4    <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures, testimony, or in responses to discovery as "CONFIDENTIAL."

2.6    <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures, testimony, or responses to discovery in this matter.

2.7    <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as a testifying expert witness or as a non-testifying consultant in this Action.

2.8    <u>House Counsel</u>: Attorneys who are employees of a Party to this Action, including such attorneys' paralegals, clerks, and support staff. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    <u>Outside Counsel of Record</u>: Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, including such attorneys' and/or law firms' paralegals, clerks, and support staff.

2.11    <u>Party</u>: Any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff).

2.12    <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

/ / /

2.13  Professional Vendors: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14  Protected Material: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15  Receiving Party: A Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties, their Counsel, or their Experts that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time

- 4 -

pursuant to applicable law. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

## 5. DESIGNATING PROTECTED MATERIAL

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" to each page that contains protected material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be

deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each document that contains Protected Material.

(b) A Party or its Counsel may designate deposition exhibits or portions of deposition transcripts as "CONFIDENTIAL" either by: (a) indicating on the record during the deposition that a question calls for confidential information, in which case the report will bind the transcript of the designated testimony in a separate volume and mark it as "CONFIDENTIAL;" or (b) notifying the reporter and all Counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "CONFIDENTIAL," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated as "CONFIDENTIAL." After the expiration of that period, the transcript shall be treated only as actually designated.

When deposition testimony is designated Protected Material by informing the reporter during the deposition, the transcript containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material designated "CONFIDENTIAL," and the title page shall be followed by a list of all pages (including line numbers-as appropriate) that have been designated as Protected Material. The Designating Party shall inform the court reporter of these requirements.

Parties shall endeavor to give the other Parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed

the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as confidential.

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."

5.3    Inadvertent Failures to Designate. If at any time before the trial of this Action a Party realizes that it should have designed as confidential material that it or a third party previously produced without limitation, the Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such Discovery Material as confidential.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality in compliance with Local Rule 37.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous designations or challenges, and those designations or challenges made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the respective Designating Party or Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the

material in question the level of protection to which it is entitled under the
Designating Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is
disclosed or produced by another Party or by a Non-Party in connection with this
Action for prosecuting, defending, or attempting to settle this Action. Such
Protected Material may be disclosed only to the categories of persons and under the
conditions described in this Order. When the Action has been terminated, a
Receiving Party must comply with the provisions of section 13 below (FINAL
DISPOSITION). Protected Material must be stored and maintained by a Receiving
Party at a location and in a secure manner that ensures that access is limited to the
persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless
otherwise ordered by the Court or permitted in writing by the Designating Party, a
Receiving Party may disclose any information or item designated
"CONFIDENTIAL" only to:

(a) the Parties to this Action, their insurers, and counsel to their
insurers;

(b) Counsel retained specifically for this Action, including any
paralegal, clerical, or other assistant that such Counsel employs and assigns to this
matter;

(c) Professional Vendors that Counsel for the Parties hire and assign to
this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or
that this Court appoints, provided such person has first executed the attached
"Acknowledgment and Agreement to Be Bound" (Exhibit A);

///

///

- 8 -

(e) as to any document, its author, its addressee, and any other person (such as a copy recipient) indicated on the face of the document as having received a copy;

(f) any witness who Counsel for a Party in good faith believes may be called to testify at trial or deposition in this Action; and their counsel, provided such persons have first executed the attached "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) any person a Party retains to serve as an expert witness or otherwise to provide specialized advice to Counsel in connection with this Action, provided such person has first executed the attached "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(h) stenographers or videographers engaged to transcribe or record depositions the Parties conduct in this Action;

(i) this Court, including any appellate court, its support personnel, and court reporters;

(j) where the Producing Party is John Hancock, the plaintiff(s) and their counsel in any of the Related Actions *provided that* (a) disclosure to a party in a Related Action shall be made pursuant to the protective order governing the Related Action as if John Hancock was the Producing Party; and (b) the Related Actions are (1) *Leonard et al., v. John Hancock Life Insurance Company of New York et al.*, No. 18-cv-4994-AKH (S.D.N.Y.); (2) *Davydov v. John Hancock Life Insurance Company of New York and John Hancock Life Insurance Company (U.S.A.)*, 18-CV-09825-AKH (S.D.N.Y.); (3) *LSH CO et al. v. John Hancock Life Insurance Company (U.S.A.) and John Hancock Life Insurance Company of New York*, 19-cv-1009-AKH (S.D.N.Y.); and (4) *Twin Lakes Settlements, LLC and Lakewood Holdings Inc. v. John Hancock Life Insurance Company of New York and John Hancock Life Insurance Company (U.S.A.)*, No. 655429/2018 (N.Y. Sup. Ct.) (collectively, the "Related Actions"); and

- 9 -

(k) any other person agreed to by the Parties.

7.3 Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7.2(d), 7.2(f), or 7.2(g) above, Counsel must provide a copy of this Order to such person, who must execute the attached "Acknowledgement and Agreement to Be Bound" (Exhibit A). Said Counsel must retain each signed "Acknowledgment and Agreement to Be Bound," hold it in escrow, and produce it to opposing Counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. For the avoidance of doubt, nothing in Paragraphs 7.2 or 7.3 shall impose any limitation on the ability of a Producing Party to disclose its own Confidential Discovery Material. A Producing Party shall not be required to obtain an executed "Acknowledgment and Agreement to Be Bound" from its own current or former employees with respect to disclosure of its own Confidential Discovery Material.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this

- 10 -

action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 10 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery

- 11 -

request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

Pursuant to Federal Rule of Evidence 502(d) and (e), the Parties agree that the inadvertent or unintentional disclosure by the Producing Party of material that is privileged or subject to other protection shall not be deemed a waiver in whole or in part of the claim of privilege or other protection, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter.

Upon learning of an inadvertent or unintentional disclosure of privileged information (i.e., information that is attorney-client privilege and/or subject to work product protection), the Producing Party may request the return or destruction of the inadvertently produced privileged document by identifying the document and stating the basis for withholding such document from production. Within ten (10) business days of the date of that written notice, the documents or materials

- 12 -

described in that notice shall be returned to counsel for the Producing Party or destroyed, and in the same time frame, any notes or other writing or recordings that copy, summarize, reflect, or discuss the content of the documents or materials shall be destroyed (these requirements apply regardless of whether the Receiving Party intends to challenge the assertion of privilege). No use shall be made of such documents or materials from such inadvertent production for any purpose, including during deposition or at trial, nor shall such documents or materials be provided to anyone who did not already have access to them prior to the request by the Producing Party that they be returned or destroyed.

If the Receiving Party intends to challenge the assertion of privilege, it must provide written notice within this ten-day period, explaining the grounds for its challenge. The Receiving Party shall initiate the dispute resolution process under Local Rule 37 within ten (10) business days of date of service of the Receiving Party's notice disputing a claim of inadvertent production. Challenging the assertion of privilege does not relieve the Receiving Party of its obligations to fully comply with the return and/or destruction procedure outlined in the preceding paragraph.

If the Parties cannot resolve a challenge without court intervention, the Receiving Party may move the Court for an order compelling production of any inadvertently produced or disclosed document or material in compliance with Local Rule 37, but the motion shall not assert as a ground for production the fact of the inadvertent production or disclosure or rely on the contents of the inadvertently produced document or information (beyond what would be ordinarily disclosed on a privilege log).

## MISCELLANEOUS

11.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

///

11.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3 <u>Filing Protected Material</u>.  A Party that seeks to file any Protected Material must comply with Civil Local Rule 79-5 and the Court's Guide to Electronically Filing Under Seal Documents in Civil Cases and file under seal (including the "Under Seal Filings" procedures specified on Magistrate Judge Mumm's website, https://www.cacd.uscourts.gov/honorable-frederick-f-mumm#ordersadditional), unless the Designating Party gives its written permission to file in the public record.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

11.4  The Parties agree that the terms of this Stipulated Protective Order will govern as of the date when it is filed.  To the extent the Court modifies any provision of this Stipulated Protective Order, the Parties will meet and confer in good faith regarding how to address those modifications for any documents previously produced.

11.5  Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this Action serve upon Counsel for the recipient Parties a written notice stating with particularity the grounds of the request.  If the Parties cannot reach agreement promptly, Counsel for all affected Parties will address their dispute to this Court in accordance with Rule 37. This Order shall not prevent a party from arguing that certain documents are so sensitive that they should not be produced even under the Order or from seeking further protection for certain documents.

///

11.6   In the event that additional parties join or are joined in this litigation, they shall not have access to Confidential Discovery Material until the newly joined party, by its counsel, has executed and filed with the Court its agreement to be fully bound by this Order.

## 12.  **FINAL DISPOSITION**

After the final disposition of this Action, as defined in Section 4 (DURATION), within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

- 15 -

Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO ORDERED.**

Dated: *October 22, 2019*

_____
Honorable Frederick F. Mumm

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on _____ [date] in the case of *EFG Bank AG, Cayman Branch, et al.*

*v. John Hancock Life Insurance Company (U.S.A.)*, Case No. 2:19-cv-01696-JAK-

FFMx (C.D. Cal.). I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item

that is subject to this Stipulated Protective Order to any person or entity except in

strict compliance with the provisions of this Stipulated Protective Order. I further

agree to submit to the jurisdiction of the United States District Court for the Central

District of California for enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this action. I

hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____